UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:07CR762 HEA |
| ) | |
| JESUS MEDINA ARVIZU, ) | |
| ) | |
| Defendant. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the Memorandum and Recommendation, [Doc. No. 90], of United States Magistrate Judge Terry I. Adelman, pursuant to 28 U.S.C. § 636(b), in which Judge Adelman recommends that Defendant's Motion to Suppress Evidence, [Doc. No. 48], be denied. Defendant has filed Objections to the Memorandum and Recommendation.

When a party objects to a magistrate judge's report and recommendation, the Court must conduct a *de novo* review of the portions of the report, findings, or recommendations to which the party objected. See *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir.2003) (citing 28 U.S.C. § 636(b)(1)). This includes a *de novo* review of the magistrate's findings of fact, including any credibility determinations. *Id*. The court has reviewed the entire record, including listening to the audio recording of the hearings held on March 11, 2008 and April 30, 2008, and

reading the transcripts thereof.

## Discussion

Defendant objects to certain findings of fact and conclusions of law set forth in Judge Adelman's Memorandum. Specifically, Defendant objects to the finding that Defendant had been involved in the transportation of a large amount of marijuana in the six month period prior to the date of his arrest. Defendant objects to this finding because the testimony elicited from Agent Brian Witek was that Defendant was the registered owner of a vehicle in which 246 pounds of marijuana was seized. Defendant also objects to Judge Adelman's finding that Defendant and codefendant Lopez-Garcia had been in contact with each other during their trip because Defendant was aware of Lopez-Garcia's room number when Defendant and Iriarte arrived at the Stratford Inn and therefore had been informed by Lopez-Garcia of his room number prior to their arrival. Defendant objects to this finding because Witek's testimony was that Iriarte entered the Stratford Inn and inquired as to room 202. Finally, Defendant objects to the finding that Defendant and Iriarte were observed going into the Stratford Inn and requesting directions to Lopez-Garcia's room. Witek testified that Iriarte requested directions to room 202. The perceived discrepancies between the testimony and the articulation of the findings of fact are insignificant. Judge Adelman specifically set out in the Memorandum that

Defendant's vehicle was involved in marijuana transportation. This fact gave the investigating officers an additional indicator to suspect Defendant was involved in illegal activity. It is the underlying ownership of the vehicle which is indicative of Defendant's involvement in the transportation of narcotic substances-marijuana-and which is also a salient factor in the overall suspicion that Defendant may be involved in illegal activities.

The conclusion that Defendant and Lopez-Garcia had been in contact with each other is not invalidated by the fact that it was Defendant's companion and not Defendant himself that asked about Lopez-Garcia's room. Likewise, Defendant's objection that both were observed going into the Stratford Inn and requesting directions when the testimony was that Iriarte requested directions fails to raise any arguable issue. Both men went to the Stratford Inn together, both men went to the room and both men left together. Clearly, the testimony establishes that both men were working together, and who asked for the room is completely insignificant. Defendant's objections fail to raise any issues substantial enough to merit further discussion.

Defendant also objects to certain conclusions of law: Defendant objects to the conclusion that the traffic stops were lawful. Detective Turner testified that he observed Lopez-Garcia fail to signal upon entering the highway. He contacted the

Kirkwood police to stop him, which they did. There is evidence to establish a valid traffic stop of the truck Lopez-Garcia was driving. Lopez-Garcia was in control of the vehicle and was driving it. He gave verbal and written consent to search the truck. He was asked if he understood the form, to which he responded that he understood.

Witek testified that he contacted the Collinsville police to conduct a traffic stop of Defendant's vehicle to assist the officers in their investigation. The Collinsville police stopped Defendant for improper lane usage. Witek questioned Defendant at the stop location. Defendant told Witek, that he was traveling to Philadelphia, Pennsylvania because he needed to fix the registration on his Malibu. Witek asked Defendant if he could search the car. Defendant said yes, and a search was conducted. Just before finishing his search, Witek received the information that the cocaine had been found in the truck Lopez-Garcia was driving. Because of their connection with Lopez-Garcia, Witek advised Defendant that he was under arrest. Defendant agreed to go to Fenton for further questioning.

Defendant is not correct that there was no evidence elicited at either motion hearing that Defendant committed any traffic violations in Illinois or Missouri. Witek testified that he requested the Collinsville police to assist in the investigation. They did and stopped Defendant for improper lane usage.

Defendant also objects to the conclusion of law that the agents had reasonable, articulable suspicion to stop both vehicles and conduct an investigation and argues that the agents were acting on a hunch.  The evidence clearly establishes that the agents were acting on more than a mere hunch; taking all the facts and indicators of illegal activity together, Defendant's car having been involved in drug transportation, arriving at the hotel late at night, paying cash, temporary Arizona tags, Lopez-Garcia's involvement in illegal drug activity, meeting up with Lopez-Garcia for a short time, taken together raise a reasonable suspicion that defendant was involved in criminal activity.  The events are not considered in a vacuum, rather, when taken together, the agents' suspicion was indeed reasonable.

Moreover, the consents to search were clearly lawful.  All three individuals advised the agents that the vehicles could be searched.  Lopez-Garcia stated that he understood the consent to search form and signed it.  Although he was not the owner of the vehicle, he was in sole control at the time and he advised the agents that he was driving the vehicle at the owner's request.  Although Defendant did not sign a consent form, he gave Witek oral consent to search the vehicle and there is no doubt that he understood what was being asked.

Because of the connection between Defendant and Lopez-Garcia, as previously set forth herein, the agents had probable cause to believe Defendant was

involved in the commission of a crime. As such, his arrest was lawful. Defendant was advised of his *Miranda* rights, and therefore any and all statements made subsequent to this warning were legally obtained. *Is est quis is est.*

### **Conclusion**

Having conducted a *de novo* review of the Motion and the record before the court, Defendant's objections are overruled. The Report and Recommendation contains a very thorough analysis of the facts and applicable law. The Court, therefore will adopt Judge Adelman's Recommendation.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Suppress Evidence, [Doc. No. 48], is **DENIED**.

Dated this 14th day of August, 2008.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE